No. 194
### WOJNO v. MILLER

Ohio Appeals, 9th Dist., Summit Co.

No. 1058. Decided Nov. 19, 1925

1106. STATUTE OF LIMITATIONS—Not a good defense in an action where payment was made on account and suit was commenced before six years have elapsed from date of such payment.

465. ERROR—Judgment under 11364 GC. will not be reversed where error is not prejudicial and where substantial justice has been done.

PER CURIAM.

Francis Miller claimed in his petition that Julius Wojno was indebted to him upon merchandise sold and also upon three checks given as payment for said merchandise which checks came back marked "insufficient funds." Wojno set up the statute of limitations as a defense, and also filed a general denial.

The evidence produced tended to show that a payment had been made on this account, and that six years had not elapsed since said payment. Evidence further showed that Wojno had contracted this account.

This case arose in the Akron Municipal Court, which found for Miller. Wojno prosecuted error to the Summit Common Pleas, alleging many error of the trial court. Summit Common Pleas affirmed the verdict of Akron Municipal court. Error was then prosecuted to the Court of Appeals which held:

1. As this suit was commenced before six years had elapsed since the last payment, the statute of limitations is not a good defense to the action.

2. If error or defect in the pleadings or proceedings occurs which does not effect the substantial rights of the adverse party the judgment shall not be reversed by the reviewing court by reason of such error. 11364 GC.

3. As none of the errors complained of are prejudicial, and as substantial justice was done the judgment of the trial court is affirmed.

Judgment affirmed.

Attorneys—D. W. Baker & Alva J. Russell for Wojno; Robt. C. Ryder for Miller; all of Akron.